FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 2 8 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DAVID EGILMAN, | ) |
| | ) |
| 90 West St. | ) |
| Foxboro, Massachusetts 02035 | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NUMBER 1:04CV00876 |
| v. | ) |
| | ) JUDGE: Henry H. Kennedy |
| KELLER & HECKMAN, LLP, | ) |
| | ) DECK TYPE: General Civil |
| Washington Center | ) |
| 1001 G Street, N.W. | ) DATE STAMP: 05/28/2004 |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| DOUGLAS J. BEHR | ) |
| | ) |
| Washington Center | ) |
| 1001 G Street, N.W. | ) |
| Washington, DC 20001 | ) |
| | ) |
| and | ) |
| | ) |
| JONES DAY | ) |
| | ) |
| 51 Louisiana Avenue, N.W. | ) |
| Washington, DC  20001 | ) |
| | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT**

COMES NOW Plaintiff, David Egilman, by and through counsel, King, Pagano & Harrison, and states as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1337, 1338, and 1367.

2.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.  The Plaintiff, David Egilman, is an individual and is a citizen of the Commonwealth of Massachusetts.

4.  Defendant Keller & Heckman, LLP is a limited liability partnership doing business in and with an office in Washington, D.C.

5.  Defendant Douglas J. Behr is an individual and is a citizen of the State of Maryland. Defendant Behr is a partner in the law firm of Keller & Heckman, LLP, resident in the Washington, D.C. office, who at all times relevant was acting in furtherance of and within the scope of his employment with Keller & Heckman.

6.  Defendant Jones Day is an integrated partnership doing business in and with an office in Washington, D.C.

## FACTS

7.  David Egilman is a medical doctor with a clinical practice in Massachusetts. Dr. Egilman also serves as Clinical Associate Professor in the Department of Community Health at Brown University in Providence, Rhode Island.

VERIFIED COMPLAINT

8. Dr. Egilman is a renowned expert on occupational illnesses resulting from exposure to toxins, as well as an expert in the history of medicine. Dr. Egilman has qualified as a testifying expert in numerous toxic tort cases.

### A. DR. EGILMAN IS A TESTIFYING EXPERT WHO USES A COMPUTER AND PUBLISHES A WEBSITE

9. At all times relevant to this Complaint, Dr. Egilman used his personal computer ("the Computer" or "Dr. Egilman's Computer") located in Massachusetts to host a website ("the Website" or "Dr. Egilman's Website"). Dr. Egilman used the Computer and the Website to facilitate his medical practice, teaching, research, and expert witness engagements. The Website communicates and preserves information pertaining to occupational and other illnesses resulting from exposure to toxins. The Website is intended to engender debate and discussion through its inclusion of thought-provoking and provocative material.

10. Dr. Egilman's Website contains uncensored information on occupational illness and related litigation, including previously confidential corporate internal documents related to toxic tort cases. The Website provides access to numerous copyrighted works authored by Dr. Egilman and stored on Dr. Egilman's Computer.

11. From time to time, Dr. Egilman has implemented technical measures to restrict access to the Website to those individuals or entities to whom he has provided a password. Dr. Egilman has, on various occasions, offered authorized username/password access to restricted content to his students as part of their course materials, to his clients in the course of his engagements to provide expert analysis and testimony, and to interested parties for a fee.

VERIFIED COMPLAINT

### B. DEFENDANTS REPRESENT PARTIES IN LITIGATION WHO ARE OPPOSED TO DR. EGILMAN'S CLIENTS

12. Dr. Egilman was designated as a testifying expert on behalf of the plaintiffs in Staples, et al. v. The Dow Chemical Co., et al., Cause No. 9673*BH99 in Brazoria County, Texas ("the vinyl chloride monomer case" or "the VCM litigation"). In the VCM litigation, Jones Day represented defendants Occidental Chemical Corporation, OxyChem Corporation and Firestone; Keller & Heckman and Mr. Behr represented defendant Society of the Plastics Industry, Inc.

13. Dr. Egilman was also designated as a testifying expert on behalf of the plaintiffs in Michael D. Ballinger v. Brush Wellman, Inc., No. 96CV2532, Division 5, in the District Court for Jefferson County, Colorado ("the beryllium litigation"). In the context of the beryllium litigation, Dr. Egilman further restricted access to the Website to comply with a protective order. Jones Day represented the defendant in the beryllium litigation.

### C. DEFENDANTS COMMIT ILLEGAL ACTS AND STEAL PASSWORD-PROTECTED INFORMATION

14. Dr. Egilman became concerned that unauthorized parties were attempting to gain access to restricted content on the Website without paying the required fees. In June 2001, Dr. Egilman placed a demonstrably false entry on the restricted portion of the Website to enable him to know, if the document ever appeared in the public domain, that the Website security had been compromised.

15. In June 2001, Defendants, without authorization, gained access to and misappropriated information from areas of Dr. Egilman's Computer and Website that were protected by a username/password combination.

VERIFIED COMPLAINT

4

16. To gain access to restricted areas of Dr. Egilman's Computer and Website without authorization, Defendants Keller & Heckman and Behr obtained a username/password combination without authorization. Defendants Keller & Heckman and Behr disclosed the unauthorized username/password combination to their co-counsel in the VCM litigation, Kelly Stewart, who is a partner in Jones Day. Defendant Jones Day used the username/password combination to gain improper and illegal access to Dr. Egilman's Computer and Website without authorization. Defendant Jones Day disclosed this information to persons in Texas, Colorado and elsewhere in connection with Jones Day's representation of defendants in the VCM litigation and in the beryllium litigation.

17. The Defendants improperly and illegally reviewed and printed information from Dr. Egilman's Computer and Website. The Defendants used the information stolen from Dr. Egilman's Computer and Website to besmirch Dr. Egilman's professional reputation and compromise the effectiveness of Dr. Egilman's testimony against their clients in the beryllium and VCM cases.

18. Dr. Egilman discovered Defendants Keller & Heckman and Behr's unauthorized access on November 20, 2002, during the course of sworn testimony given by Kelly Stewart in a deposition.

19. In testimony under oath on November 20, 2002, Kelly Stewart, a partner in Jones Day, testified Jones Day tried to obtain an authorized username/password combination to gain access to Dr. Egilman's Website. Mr. Stewart further testified that he was aware that Dr. Egilman charged a fee for access to the Website, but that Jones Day decided not to pay the required fee for authorized access. Instead, Jones Day obtained an unauthorized

VERIFIED COMPLAINT

username/password combination from Defendant Behr, a partner with Defendant Keller & Heckman.

20. Dr. Egilman did not provide a password to Defendant Keller & Heckman or to Defendant Behr or to Defendant Jones Day, and did not authorize their access to restricted areas of the Website. Only Dr. Egilman could provide authorization.

### D. DEFENDANTS USE THE ILLEGALLY OBTAINED MATERIALS TO GAIN UNFAIR ADVANTAGE IN LITIGATION

21. The Defendants used information from the restricted areas of Dr. Egilman's Computer for their own commercial gain, for the commercial gain of their clients, and to the detriment of Dr. Egilman and his clients.

22. Among the pages the Defendants printed from restricted areas of Dr. Egilman's Computer were documents authored by Dr. Egilman, including the demonstrably false item Dr. Egilman placed on the Website as a marker.

23. At the time of the Defendants' unauthorized access, Dr. Egilman's Website content was inaccessible without the username/password combination because Dr. Egilman had restricted access to comply with a protective order in the beryllium litigation. By using the unauthorized username/password combination, Defendants illegally accessed Dr. Egilman's Computer and printed certain pages. Defendant Jones Day then presented the illegally obtained pages to the Colorado court in the beryllium litigation. Defendant Jones Day did not inform the Colorado court that they had obtained the pages through illegal access to Dr. Egilman's Website. Based on the publication of the illegally-obtained documents to the Colorado court, the court in the beryllium litigation ruled that Dr. Egilman had violated the protective order and instructed the jury to disregard his testimony. The Colorado court also imposed sanctions against Dr.

VERIFIED COMPLAINT

Egilman. Dr. Egilman incurred substantial legal fees in his successful appeal to overturn the sanctions.

24. The Defendants also published illegally-obtained documents to the Texas court through ex parte communication in the VCM litigation

### COUNT 1

**Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. The computer on which Dr. Egilman hosts his website is a "protected computer" as defined in 18 U.S.C. § 1030 (e)(2).

27. Defendants knowingly and with intent to defraud Dr. Egilman, obtained, used and transferred an unauthorized username/password combination.

28. Defendants' actions caused Dr. Egilman damages in excess of $5,000.

### COUNT II

**Violation of the Digital Millennium Copyright Act of 1998, 17 U.S.C. 1201 *et seq.***

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. Dr. Egilman restricted access to copyright-protected work on Dr. Egilman's Computer.

31. Defendants circumvented the technical measures Dr. Egilman installed on his website to restrict access to his copyright protected work.

32. Defendants' actions caused Dr. Egilman damages in excess of $5,000.00.

VERIFIED COMPLAINT

## COUNT III
### Common Law Claims

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. Defendants knowingly gained access to Dr. Egilman's Computer without the effective consent of the owner, and removed confidential information from Dr. Egilman's Computer, in violation of the laws of the District of Columbia and the States of Massachusetts and Texas. Defendants have further, individually and acting in concert with each other, engaged in trespass to personal property.

35. Defendants' actions caused Dr. Egilman damage to his reputation, with resulting economic damages in amount to be proven at trial.

### RELIEF

36. Plaintiff requests that this Court award him damages in an amount as yet unascertained but no less than $250,000, including but not limited to the following:

    a. On Count I, damages in excess of $5,000, to be proven at trial, including the access fees the Defendants avoided by obtaining unauthorized access to Dr. Egilman's Computer;

    b. On Count II, actual damages, the Defendants' profits from unauthorized use of Dr. Egilman's work, and statutory damages up to $2,500 per act of circumvention;

    c. On Count III, economic damages in an amount to be proven at trial;

    d. Exemplary damages;

    e. Costs, expenses and attorney fees; and

    f. Such other relief as the Court deems just and proper.

VERIFIED COMPLAINT

**VERIFICATION**

I affirm under the penalties for perjury that the foregoing statements in the Verified Complaint are true.

_____
David Egilman, MD, MPH

Respectfully submitted,

_____
Cheryl A. Maier, DC Bar No. 425523
KING, PAGANO & HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Counsel for David Egilman

VERIFIED COMPLAINT

9