# Exhibit A

# Order Prohibiting Certain Extrajudicial Statements

| | | |
|---|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401-6002 | | ▲ COURT USE ONLY ▲ |
| **Plaintiff(s):** | MICHAEL D. BALLINGER, *et al.*, | Case Number: 96-CV-2532<br>Div.: 5   Ctrm: |
| v. | | |
| **Defendant(s):** | BRUSH WELLMAN INC., an Ohio corporation. | |
| Name: | Thomas E. Downey, Jr., # 9686<br>Kate Knickrehm | |
| Address: | DOWNEY & KNICKREHM, P.C.<br>1700 Lincoln Street<br>Suite 3601<br>Denver, CO 80203 | |
| Phone Number: | 303-813-1111 | |
| Fax Number: | 303-813-1122 | |
| E-mail:<br>and | tdowney@downknick.com | |
| | Sydney Bosworth McDole<br>Roy T. Atwood<br>Jeffrey J. Joyce | |
| Address: | JONES, DAY, REAVIS & POGUE<br>P.O. Box 660623<br>Dallas, TX 75266-0623 | |
| Phone Number: | 214-220-3939 | |
| Fax Number: | 214-969-5100 | |
| E-mail: | sbmcdole@jonesday.com<br>royatwood@jonesday.com<br>jjjoyce@jonesday.com | |

## ORDER PROHIBITING CERTAIN EXTRAJUDICIAL STATEMENTS

During the May 22, 2001 pretrial hearing in this matter, the Court reviewed certain information concerning issues, witnesses and counsel in this case that has appeared on an Internet website maintained by one of the parties' designated experts. The Court finds that some of the remarks on the website are intemperate and relate to subjects that this Court has ruled, *in*

DL: 1177033v2

*limine*, are inadmissible at trial. The Court takes judicial notice of the widespread availability of the Internet and is concerned about access by jurors to information concerning this action over the Internet. The Court finds that if such information were accessed by jurors or potential jurors in this action during trial, the information would likely jeopardize the parties' right to a fair trial.

The Court is further aware that the subject matter of this case has been the focus of a television program that was broadcast nationally. The Court is also aware that members of the media have expressed an interest in this case and have reviewed the file. The Court therefore finds that media coverage of the trial of this action is likely, and that such media coverage is likely to be accessible to jurors or potential jurors. The parties' right to a fair trial would be undermined if participants in the trial were permitted to reach the jury through the media or the Internet.

The Court finds that there is a reasonable likelihood that information relating to the trial in the media and over the Internet will prejudice the parties' right to a fair trial and that it is therefore necessary to enter an Order prohibiting the participants in the trial of this case from disseminating information related to the case or from broadcasting such information on websites. The Court has considered possible alternative methods to protect the parties' interests in a fair trial and finds that there are no less restrictive means reasonably available to the Court than those set forth in this Order.

It is therefore ORDERED that:

1. The parties to this case, their attorneys (including all partners and employees of the law firms representing the parties in this case), their expert witnesses, and witnesses who are within the parties' control shall refrain from making extrajudicial statements concerning this case that reasonably can be expected to be publicly disseminated by the media and that have a substantial likelihood of materially prejudicing the parties' right to a fair trial.

2.  The parties to this case, their attorneys (including all partners and employees of the law firms representing the parties in this case), their expert witnesses, and witnesses who are within the parties' control shall refrain from publishing any statements on Internet websites over which they have control concerning the trial proceedings, concerning any opposing party or any opposing party's counsel, or concerning any witnesses or evidence in the case.

3.  The parties to this case, their attorneys (including all partners and employees of the law firms representing the parties in this case), their expert witnesses, and witnesses who are within the parties' control shall refrain from making any extrajudicial statements on matters that have been excluded *in limine* or at trial on Internet websites over which they have control or that reasonably can be expected to be publicly disseminated by the media and that have a substantial likelihood of materially prejudicing the parties' right to a fair trial.

This Order shall remain in effect for the period beginning June 1, 2001, when the panel of potential jurors is scheduled to appear, and ending after receipt by the Court of the jury's final verdict in this action,

DATED this 30 day of May, 2001.

_____
JUDGE PRESIDING